Moses M. Weinstein, J.
This is a motion to relieve the defendant of her default, vacate a judgment of this court dated October 21, 1971, and to permit defendant to serve and file an answer. Defendant also seeks as alternative relief a modification of the judgment and the award of custody of the infant female issue of the parties.
The defendant admits service of the summons for divorce and acknowledges that she consulted with an attorney with regard to the best course of action for her to take. Undoubtedly, the fact that the defendant and the two children were in California might make a defense somewhat more difficult for this defendant, but that is not sufficient to constitute “ excusable delay”, one of the requisites to open the default.
Accordingly, that branch of the motion seeking to vacate the judgment of this court of October 21,1971 is denied.
That branch of the motion seeking modification of the custody direction is quite another matter. A prior judgment is never res judicata on the issue of custody. (Matter of Barry v. Glynn, 59 Misc 2d 75.) The courts of this State may annul or modify any direction as to custody of children whenever there is any action or proceeding brought to annul a marriage, to declare the nullity of a void marriage, for a separation, for a divorce, or to obtain, either by writ of habeas corpus or by petition and order to show cause, the custody of any child of a marriage. (Domestic Relations Law, § 240.)
It is clear that this motion is none of these. The writ is a particular statutory special proceeding (Domestic Relations Law, § 70; CPLR 7001 et seq.) and is addressed to and personally served on the one who has custody of the child. The petition and *540 order to show cause is also a special proceeding. (CPLE 403, subd. [d].)
The motion before the court is not a special proceeding. (Matter of Town of Johnstown v. City of Gloversville, 36 A D 2d 143.) The branch of the motion seeking a modification of the award of custody is denied, without prejudice to the defendant, and with leave to proceed with a writ of habeas corpus, wherein custody and visitation rights may be modified.